IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LAWRENCE GIBSON,

        Petitioner,                    No. CIV S-11-1583 CKD P

    vs.

HARTLEY,

        Respondent.                ORDER

_____/

        Petitioner, a state prisoner proceeding pro se, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Ths proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1) and is before the undersigned pursuant to the parties' consent.  (Dkt. Nos. 5, 11.)

        Respondent requests judicial notice of an earlier filed action by petitioner and consolidation of this action with the earlier filed action.  (Dkt. No. 12.)  Respondent's request for judicial notice is granted.  See MGIC Indem. Corp. v. Weisman, 803 F.2d 500, 504 (9th Cir. 1986); Fed. R. Evid. 201(b).

        On February 11, 2011, petitioner commenced a habeas action, designated Gibson v. James Hartley, Case No. CIV S-11-0555 GEB KJN (HC) (E.D. Cal.) ("Gibson I").  In that action, petitioner challenges his 2008 conviction in the Sacramento County Superior Court for

1

elder abuse and assault. He raises five claims: (1) ineffective assistance of counsel; (2) alleged juror misconduct; (3) alleged denial of counsel at a probation hearing; (4) alleged untimely "return" by the state; and (5) alleged judicial misconduct. (Gibson I, Dkt. No. 6.) Respondent has filed an answer, and petitioner has filed a traverse. (Id., Dkt. Nos. 17, 23.)

On June 13, 2011, petitioner commenced the instant action, also challenging his 2008 conviction for elder abuse, and raising two claims not included in the Gibson I petition: (1) actual innocence; and (2) length of sentence is excessive. (Dkt. No. 1.) It appears that these claims should have been raised in an amended or supplemental petition in the earlier-filed action. Therefore, rather than consolidate the two cases, the court finds that this action was opened in error and should be administratively closed. See Roberson v. Virga, CIV S-11-0823 EFB P (E.D. Cal.), Order dated July 1, 2011 (closing later-filed case under similar circumstances). The court will vacate its March 30, 2012 order directing respondent to file a response to the petition. (Dkt. No. 8.) The court will also order that the petition filed in this action be re-docketed in Gibson I as a "petition raising additional claims."[1] See Local Rule 190(d) ("If, in the same matter in this Court, the petitioner has previously filed a petition for relief . . . , the new petition shall be assigned to the Judge or Magistrate Judge who considered the prior matter."). Whether or not petitioner may proceed on his two new claims in Gibson I is up to the magistrate judge and/or district judge assigned to that action.

////
////
////
////
////

---

[1] The court chooses this descriptive name as opposed to, e.g., "Proposed Amended Petition" because it is not clear whether petitioner seeks to replace the petition in Gibson I with the instant petition.

2

In accordance with the above, IT IS HEREBY ORDERED that:

1. The March 30, 2012 order directing respondent to file a response to the petition is vacated;

2. The Clerk of Court shall file the June 13, 2011 petition (Dkt. No. 1) and a copy of this order in Case. No. CIV S-11-0555 GEB KJN (HC) (E.D. Cal.). The June 13, 2011 petition shall be docketed in that case as "Petition Raising Additional Claims"; and

3. The Clerk of Court is directed to close this case.

Dated: May 23, 2012

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2
gibs1583.consol